# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DUONK T.H.,[1]
(A Number: 027-292-194)

Petitioner,

v.

WARDEN OF CALIFORNIA CITY DETENTION FACILITY,

Respondents.

Case No. 1:26-cv-02391-KES-EGC (HC)

**FINDINGS AND RECOMMENDATION THAT PETITIONER'S PETITION BE GRANTED**

(Doc. 1)

TEN (10) DAY DEADLINE

Duonk T.H. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Court has previously addressed the legal issues raised by the petition. *See*, *e.g.*, *Ghiassi v. Murray*, No. 1:26-CV-1179-JLT-SKO (HC) (E.D. Cal. Mar. 5, 2026); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 2939179 (E.D. Cal. Oct. 15, 2025); *Nguyen v. Warden*, No. 2:25-CV-03297-SKO (HC), 2026 WL 72110 (E.D. Cal. Jan. 9, 2026); *Duong v. Charles*, No. 1:25-CV-01375-SKO (HC), 2025 WL 3055188 (E.D. Cal. Oct. 31, 2025).

On July 13, 2026, the Court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in the cases cited above that would justify denying the petition. (Doc. 14). On July 16, 2026, Respondents filed a response in which they contend that Petitioner's order of supervision was revoked under 8

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

C.F.R. § 241.13(i)(1) rather than (i)(2), meaning the government was not required to determine that there was a significant likelihood of removal before revoking the release. (Doc. 15 at 1). However, section 241.13(i)(3) sets forth the procedures that govern revocation under both section 241.13(i)(1) and (i)(2). Section 241.13(i)(3) requires that the government give a person being re-detained under section 241.13(1)(i): (1) notice of the reasons for revocation and (2) an informal interview "to afford the [non-citizen] an opportunity to respond to the reasons for revocation . . . [and] submit any evidence or information that he or she believes shows . . . that he or she has not violated the order of supervision." As Respondents acknowledge, there is no evidence before the Court that these procedures were followed. Nor has the Government provided a copy of the order of supervision along with allegations of violation related to a *specific* term in the order.

For these reasons and the reasons stated in the Court's prior orders, the undersigned will recommend the petition for writ of habeas corpus be GRANTED. Specifically, in revoking Petitioner's release, Respondents failed to follow their own procedures set forth in 8 C.F.R. § 241.13(i) in violation of Petitioner's due process rights. Issuing a writ to reinstate that release is warranted to preserve the *status quo* before the Government's unlawful actions. *See Pinchi v. Noem*, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763, at *3 (N.D. Cal. Jul. 4, 2025) (finding that the "moment prior to the Petitioner's likely illegal detention" is the status quo).

**RECOMMENDATION**

For the aforementioned reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Respondents be ORDERED TO RELEASE Petitioner according to the conditions of supervision in existence immediately preceding Petitioner's re-detention.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed

fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 17, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE